NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

24-180

STATE OF LOUISIANA

VERSUS

CHRISTOPHER J. COMEAUX, SR.

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. CR-2023-1
HONORABLE SCOTT WESTERCHILL, JUDGE

**********

WILBUR L. STILES
JUDGE

**********

Court composed of Sharon Darville Wilson, Charles G. Fitzgerald, and Wilbur L. Stiles, Judges.

APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.

**Terry Lambright**
**Thirtieth Judicial District Attorney**
**P.O. Box 1118**
**Leesville, LA 71446**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**


**Christopher J. Comeaux, Sr., Pro Se**
**Federal Correctional Institution**
**P.O. Box 7007**
**Marriana, FL 32447-7007**
**PRO SE APPELLANT:**
    **Christopher J. Comeaux, Sr.**

**STILES, Judge**.

On July 28, 2023, Defendant-Appellant, Christopher J. Comeaux, Sr., filed his "Motion to Quash, Recall, or Dismiss Warrants in Conformance with Louisiana Criminal Code of Procedure, Article 571, Et. Seq. for Cause" asking the district court to quash and dismiss five warrants allegedly issued by the Leesville Police Department between April 29, 2005, and July 5, 2005.[1] Defendant argued that the warrants were prescribed under La.Code Crim.P. art. 581 as they had not been acted on though Defendant had been accessible to authorities.

On January 9, 2024, a hearing was held on Defendant's motion to quash. Though the trial court ordered Defendant to participate telephonically, Defendant did not call in at the time of the hearing. The State appeared and stated that there were six warrants issued for Defendant–two for aggravated rape, now first degree rape; two for pornography involving juveniles; and two for aggravated crimes against nature. The State argued that there is no time limitation for prosecution on first degree rape. Additionally, the statute of limitations on the pornography charges and aggravated crimes against nature charges is thirty years. The State further argued that there is an interruption of time under La.Code Crim.P. art. 575 if a defendant is located outside of the state. As Defendant was incarcerated in federal prison in Florida, there was an interruption in the prosecution time period. After argument from the State, the trial court found that Defendant's motion was frivolous and lacked merit as the prescriptive period for the involved crimes had not yet lapsed. Therefore, the trial court denied Defendant's motion.

On January 29, 2024, Defendant filed a notice to appeal the trial court's January 9, 2024 denial of his motion to quash.

---

[1]Relator alleges the following warrants were issued: (1) No. 096494 on July 5, 2005; (2) No. 096495 on April 29, 2005; (3) No. 096496 on April 29, 2005; (4) No. 096497 on June 28, 2005; and (5) No. 096498 on June 28, 2005.

The record was lodged with this court on April 12, 2024, and on April 16, 2024, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is not an appealable judgment. La.Code Crim.P. arts. 912; 912.1. Defendant was given until May 16, 2024, to file a brief in response to the rule to show cause. The deadline has passed, and no response has been received from Defendant.

Accordingly, the appeal is dismissed. Defendant may file a supervisory writ application within thirty days of the date of this decision. Defendant is not required to file a notice of intent to seek writs nor must he obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4–3. We construe the notice to appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

2